## The People of the State of Illinois, Defendant in Error, v. Robert Johns, Plaintiff in Error.

### (Not to be reported in full.)

Error to the City Court of Pana; the Hon. J. H. FORNOFF, Judge, presiding. Heard in this court at the April term, 1914. Reversed and remanded. Opinion filed October 16, 1914.

### Statement of the Case.

An indictment returned by a grand jury of the city of Pana charged Robert Johns with having made an assault with a deadly weapon, to wit, an iron seal, upon William H. Alexander with intent to inflict bodily injury, no considerable provocation appearing. A second count charged an assault made "under circumstances showing an abandoned and malignant heart and no considerable provocation appearing." At the trial the evidence showed that the complaining witness and defendant, with other parties, were engaged in an oil enterprise; that defendant had obtained a lease of oil lands which had been assigned to the company; that such lease was in the possession of the secretary of the company, and that the assault occurred when an altercation arose, as to the possession of such lease, at a meeting of some of the parties.

The jury returned a verdict of guilty of assault with a deadly weapon with intent to inflict a bodily injury, the circumstances showing an abandoned and malignant heart. The court overruled a motion for a new trial and assessed a fine of five hundred dollars against the defendant, who brought error.

JOHN E. HOGAN and J. W. PREIHS, for plaintiff in error.

HARRY B. HERSHEY and W. B. McBRIDE, for defendant in error; E. E. DOWELL, of counsel.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court

## Abstract of the Decision.

1. ASSAULT AND BATTERY, § 38*—*when penalty excessive.* On a prosecution for assault, where it appeared that such assault occurred during an altercation as to the possession of a lease, and the complaining witness was a partner in a conspiracy to get possession of the lease whether he was entitled to it or not, there was such provocation that a fine of five hundred dollars was excessive.

2. ASSAULT AND BATTERY, § 33*—*what instructions improper.* On a prosecution for assault, the action of the court in telling the jury what the penalty was for the offense charged, when giving instructions, was improper, as such penalty was a matter with which the jury had nothing to do.

3. ASSAULT AND BATTERY, § 24*—*what may be considered in determining provocation.* Words coupled with acts which are admitted to have been done in the carrying out of a conspiracy to obtain possession of property from other parties may be considered in determining whether an assault was without considerable provocation, where want of such provocation is a material averment of the indictment.

4. ASSAULT AND BATTERY, § 33*—*when erroneous instruction harmless.* On a prosecution for assault, the giving of an erroneous instruction as to provocation is harmless, where the jury by their verdict acquitted the defendant of the charge of assault with intent to inflict bodily injury, no considerable provocation appearing.

5. ASSAULT AND BATTERY, § 33*—*when instruction misleading.* On a prosecution for assault, the giving of an instruction that where personal property is wrongfully withheld from an owner, such owner can obtain possession by peaceable means, or if it comes to his hands he has a right to hold it against the world, was erroneous, being an abstract proposition which, under the facts, was misleading.

6. ASSAULT AND BATTERY, § 33*—*when instruction as to evidence improper.* On a prosecution for assault, the giving of an instruction that the jury might disregard the evidence of the accused if he wilfully testified falsely to any material fact was error, as the instruction should have been made general and applicable to all witnesses.

7. ASSAULT AND BATTERY, § 33*—*when instruction not justified by evidence.* On a prosecution for an assault arising out of an attempt to obtain possession of a lease, the giving of an instruction submitting the question of how the lease was taken was error, since the court had excluded evidence as to such issue.

---

*See **Illinois Notes Digest,** Vols. XI to XV, and **Cumulative Quarterly,** same topic and section number.